UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL ROGERS,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPUTY MOLINA, et al.,<br><br>    Defendants. | Case No. 15-cv-02385-JCS<br><br>**ORDER REVIEWING COMPLAINT UNDER 28 USC § 1915** |

## I. INTRODUCTION

  Plaintiff Nathaniel Rogers asserts federal civil rights and related state law claims based on events alleged to have occurred at Laguna Honda Hospital on February 25, 2015.  The only defendants who have been identified in the Complaint are the City and County of San Francisco and San Francisco Sheriff's Deputy Molina.[1]  Having previously granted Plaintiff's Application to Proceed in Forma Pauperis, the Court now considers whether Plaintiff's Complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an in forma pauperis complaint that is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  See *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).   Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).   For the reasons stated below, the Court finds that Plaintiff's complaint meets the requirements of 28 U.S.C. § 1915 and therefore orders that the United States Marshal serve the Complaint, a copy of this order

---

[1] Plaintiff also names in his complaint certain unidentified employees of the City and County of San Francisco.  As the United States Marshal is unable to serve the complaint on these defendants until they have been identified the Court does not reach the adequacy of Plaintiff's claims as to those individuals at this time.

1  and any scheduling orders on the Defendants who have been identified, that is, Deputy Molina and
2  the City and County of San Francisco.

## II. BACKGROUND

According to Plaintiff, he is disabled, bound to a wheel chair and at the time of the relevant events, was a long-term resident of Laguna Honda Hospital. Compl. ¶ 12. He alleges that on February 25, 2015 at 11:00 pm he was in the emergency room for an eye problem and "had been lying there in the dark on a gurney since about 0530 hours and no one had seen him. Also, the paramedics who transported him left him without his wheelchair, and he requested a wheelchair so he would be mobile." *Id*. ¶ 13. Plaintiff alleges that instead of providing a wheelchair, a hospital employee called Sheriff's deputies, including Deputy Molina, who then threw him to the ground from the gurney, kicked him, choked him, and handcuffed him behind his back. *Id*. ¶¶ 17-18. He also alleges that they seized blessing oil that he uses to practice his religion. *Id*. ¶ 30. Plaintiff alleges that "[a]fter [t]he Defendants injured Plaintiff [they] released him and [they] presented him with a citation to appear in court for fare evasion and a new and second offense, delaying, resisting, obstructing and interfering with public employees in performance of their duties." *Id*. ¶ 24. According to Plaintiff, "[t]he new and second offense was bogus and a complete fabrication to attempt to intimidate the Plaintiff into not pursuing his legal rights." *Id*. ¶ 25. Plaintiff alleges that "[n]ot only was the arrest unlawful, but when Plaintiff went to court, all of the charges, including the original fare evasion charges were dropped, or otherwise dismissed."

Based on these factual allegations, Plaintiff asserts the following claims: 1) First Amendment Violation of Free Exercise Clause in violation of 42 U.S.C. § 1983 (against all Defendants except the City and County Of San Francisco); 2) Fourth Amendment Unreasonable Seizure in violation of 42 U.S.C. § 1983 (against all Defendants except the City and County Of San Francisco); 3) *Monell* claim under 42 U.S.C. § 1983 based on Inadequate Training and Supervision (against the City and County of San Francisco); 4) Battery (against all Defendants); 5) false imprisonment (against all defendants); and 6) intentional infliction of emotional distress).

### III. ANALYSIS

#### A. Legal Standard

If a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is permitted to proceed in forma pauperis, the court must undergo a preliminary screening of the complaint and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief, Plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing the sufficiency of the Complaint, the Court takes "all allegations of material fact as true and construe(s) them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). The "tenet that a court must accept a complaint's allegations as true," however, "is inapplicable to . . . mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 547). In evaluating the sufficiency of the complaint, the court generally looks only to the face of the complaint and the documents attached thereto. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990).

#### B. Claims Asserted Under 42 U.S.C. § 1983 (Claims One through Three)

Section 1983 creates a cause of action against a "person who, under color of any [state law], subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff bringing a claim under § 1983 must show that "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id*. (citation omitted). "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation:

there is no respondeat superior liability under section 1983." *Id.*

### 1. First Amendment Free Exercise Clause

The First Amendment protection of the freedom of religion is embodied in two clauses: the "Establishment Clause" and the "Free Exercise Clause," providing that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend I. In order to establish a violation of the Free Exercise Clause, a plaintiff must show that the challenged conduct resulted in an impairment of the plaintiff's free exercise of genuinely held beliefs. *See United States v. Lee*, 455 U.S. 252, 256–57, 102 S.Ct. 1051, 71 L.Ed.2d 127 (1982). A violation of the First Amendment also may occur when a law enforcement officer conducts a seizure or uses unreasonable force in retaliation for the plaintiff's protected speech. *See Duran v. City of Douglas, Ariz.*, 904 F.2d 1372, 1378 (9th Cir. 1990). Liberally construed, Plaintiff has sufficiently pled First Amendment violations based on both of these theories by alleging that he was subjected to unreasonable force by Defendants, acting under color of state law, because of his request to be moved or given a wheelchair and that Defendants interfered with his right to practice his religion by seizing his blessing oil. Therefore, this claim survives the Court's review under 28 U.S.C. § 1915.

### 2. Fourth Amendment Unreasonable Seizure

The Fourth Amendment guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures." U.S. Const. amend. IV. "[W]here there is no need for force, any force used is constitutionally unreasonable." *Fontana v. Haskin*, 262 F.3d 871, 880 (quoting *Headwaters Forest Defense v. County of Humboldt*, 240 F.3d 1185, 1199 (9th Cir. 2000)). Here, Plaintiff alleges that he was lying on a gurney, unable to move, and that he was choked and beaten because he requested that he be moved or given a wheelchair. These allegations are sufficient to survive the Court's § 1915 review as to his unreasonable seizure claim.

### 3. *Monell* Liability

Municipal liability lies in a policy or custom that leads to the commission of a constitutional violation. *Monell v. N.Y. City Dept. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To establish municipal liability based on inadequate training, a plaintiff must

show not only that "a particular officer reacted inappropriately to a situation or was unsatisfactorily trained or supervised, but that there is a 'widespread practice' of inadequately training officers under circumstances showing a deliberate indifference to the need for new or additional training." *Ramirez v. County of San Diego*, No. 06-cv-1111 JM, 2009 WL 1010898, at *8 (S.D.Cal., Apr. 15, 2009) (citing *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir.1989); *Canton v. Harris*, 489 U.S. 378, 390–91, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). Although Plaintiff's allegations of inadequate training and supervision are general, they are sufficient at this early stage of the case to survive the Court's preliminary review.

### C. Battery

"A battery is any intentional, unlawful and harmful contact by one person with the person of another." *Ashcraft v. King*, 228 Cal.App.3d 604, 611 (1991). To prevail on a claim for battery, a plaintiff must show: (1) that the defendant made contact with the plaintiff with the intent to harm or offend; (2) that the plaintiff did not consent to the contact; and (3) that the plaintiff was harmed or offended by the contact. *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1051 (N.D.Cal.2006) (citing *Ashcraft*, 228 Cal.App.3d at 611). Plaintiff has sufficiently alleged all of the elements of battery to survive the Court's § 1915 review.

### D. False Imprisonment

"Under California law, the elements of a claim for false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Young v. County of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir.2011) (quoting *Easton v. Sutter Coast Hospital*, 80 Cal.App.4th 485, 496 (2000)). Plaintiff alleges that he was unlawfully bound and constrained by Defendants without probable cause when the deputies beat him and handcuffed him. These allegations are sufficient to meet the requirements of § 1915.

### E. Intentional Infliction of Emotional Distress

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

5

extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir.2009) (quotation marks omitted).  Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community.  *Id*.  Plaintiff alleges that he was severely beaten, kicked and choked merely for asking to be moved after waiting for hours in a hospital emergency room, even though he was unable to move himself and posed no threat.  These allegations are sufficient to meet the requirements of § 1915 as to Plaintiff's claim for intentional infliction of emotional distress.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's claims are sufficient to survive the Court's preliminary review under 28 U.S.C. § 1915.  Accordingly, the U.S. Marshal shall serve the Complaint, a copy of this order and any scheduling orders on Deputy Molina and the City and County of San Francisco.

**IT IS SO ORDERED.**

Dated:  June 15, 2015

JOSEPH C. SPERO
Chief Magistrate Judge